United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVORY JAMES JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1558 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Ivory James Johnson, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, (Docket Entry No. 1). Johnson alleges that a defendant identified as "Officer Johnson" used excessive force against him at the Harris County Jail. He also alleges that defendant Clinton W. Perkins, a Supervisor at the Harris County Jail, improperly handled grievances.

Plaintiff has filed two motions for summary judgment, and defendant Perkins has moved for summary judgment. For the following reasons, Johnson's motions are denied, Perkins's motion is granted and Perkins is dismissed from this case.

**I.      The Applicable Legal Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the burden of proving that a material fact is not in dispute and must support factual assertions by citations to specific portions of the record. *Id*

## II. Analysis

### A. Defendant Johnson

Defendant Johnson has not yet been served with the complaint. Because he has not had an opportunity to respond to plaintiff's allegations, the plaintiff's motions for summary judgment are premature and are denied without prejudice as to defendant Johnson.

### B. Defendant Perkins

Johnson alleges that Perkins mishandled Johnson's grievances and ignored his complaints. See Statement of Facts, (Docket Entry No. 4), at 3; More Definite Statement, (Docket Entry No. 12), at 4. While prisoners are required to exhaust grievance procedures before bringing suit in federal court, there is no constitutional right to due process in authorities' handling or processing of those grievances. *See*, *e.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Johnson's claim that Perkins mishandled the grievances does not state a claim for relief.

## III. Conclusion and Order

Ivory James Johnson's motions for summary judgment, (Docket Entries No. 24 and 33), are denied, and Clinton W. Perkins's motion for summary judgment, (Docket Entry No. 31), is granted. All claims against Perkins are dismissed with prejudice.

SIGNED on February 22, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge