UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IVORY JAMES JOHNSON § | |
| (Inmate #02358381), § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-21-1558 |
| § | |
| HARRIS COUNTY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Ivory James Johnson, representing himself and proceeding without prepaying the filing fee, sued multiple defendants under 42 U.S.C. § 1983 based on his confinement and the conditions at the Harris County Jail. (Docket Entry No. 1). The court dismissed Mr. Johnson's claims against the Honorable Ramona Franklin, the Assistant District Attorney prosecuting Mr. Johnson's criminal case, defense counsel Lance Hamm, the Harris County Jail, and Jail Supervisors C. Jones and Clinton W. Perkins. (Docket Entry Nos. 16, 46, 50). The two remaining defendants, Detention Officers Demitrie Johnson[1] and Benjamin Womba, answered the complaint, (Docket Entry Nos. 64, 74), and filed motions for summary judgment. (Docket Entry Nos. 68, 93). Mr. Johnson responded by filing his own motions for summary judgment and responses to the defendants' motions.[2] (Docket Entry Nos. 66, 89, 97). The defendants filed responses to Mr. Johnson's motions for summary judgment, (Docket Entry Nos. 70, 95), and a reply to his response to Officer

---

[1]Because both the plaintiff and one of the defendants have the same last name, the court will refer to plaintiff Ivory James Johnson as "Mr. Johnson" and to Detention Officer Demitrie Johnson as "Officer Johnson" in this order.

[2]Mr. Johnson has also filed numerous documents that he titles "Statement of Facts." (Docket Entry Nos. 4, 34, 39, 65, 85, 91, 96). These documents generally restate the facts Mr. Johnson has alleged in his pleadings.

Johnson's motion for summary judgment. (Docket Entry No. 98). Having reviewed the pleadings, the motions, the exhibits, and all matters of record, the court grants the motions for summary judgment filed by Officers Johnson and Womba, denies Mr. Johnson's motions for summary judgment, and dismisses this action with prejudice. The reasons for this ruling are explained below.

## I.   Background

Mr. Johnson alleges claims arising from two separate incidents in the Harris County Jail. The first incident occurred overnight from November 16 to 17, 2020, on the third floor of D Pod. (Docket Entry No. 93-4, pp. 6-7). On the evening of November 16, Mr. Johnson was involved in a fight with several other inmates. (*Id.*). Officers broke up the fight, and Mr. Johnson was placed in a holding cell pending his transfer to another pod. (Docket Entry No. 42-8, p. 69-70 [sealed]).

Mr. Johnson's time in the holding cell was captured on video. In the early morning hours of November 17, Mr. Johnson intentionally blocked the toilet drain, causing water to flood the cell. (Docket Entry No. 93-2 at 0:18-0:48). Officer Johnson, along with Officers Alexander and Hafford, responded to Mr. Johnson's cell to investigate. (*Id.* at 0:48-0:51). Officer Johnson had Mr. Johnson step out of the cell, he placed Mr. Johnson in handcuffs and shackles, and he removed Mr. Johnson's shoes. (*Id.* at 3:33-4:52). Officer Johnson then told Mr. Johnson to go back into the cell. (*Id.* at 4:54-5:03). When Mr. Johnson hesitated, Officer Johnson placed one hand on Mr. Johnson's back, grasped his arm, and guided him toward the cell door. (*Id.*). Once inside, Mr. Johnson slipped on the wet floor and fell on his left side. (*Id.*).

Officers Alexander and Hafford entered the cell and helped Mr. Johnson to his feet and then onto a bench along the cell wall. (Docket Entry Nos. 93-2 at 5:05-5:23; 93-4, p. 3). The officers left the cell. Once alone in the cell, Mr. Johnson climbed on top of the toilet and also

2

wandered around the cell. (Docket Entry No. 93-2, 5:31-6:50). The officers briefly removed Mr. Johnson from the cell when maintenance arrived to unclog the toilet, but then they returned him to the cell. (*Id.* at 6:52-7:45). Still handcuffed and shackled, Mr. Johnson removed his socks, climbed on top of the toilet again, and continued wandering around the cell. (*Id.* at 8:25-9:28). A short time later, Officer Johnson returned and removed Mr. Johnson's handcuffs and shackles, without incident. (*Id.* at 9:28-10:42).

Mr. Johnson alleges that Officer Johnson used excessive force by pushing him into the cell while he was handcuffed and shackled, causing him to fall and injure his arm and ribs. (Docket Entry No. 17, pp. 3-4). Mr. Johnson seeks monetary damages for the injuries he allegedly suffered. (Docket Entry No. 1, p. 6).

The second incident occurred on December 31, 2020. Detention Officer Dadzie was working in F Pod, heard a loud noise, and turned to see two inmates kicking Mr. Johnson, who was on the floor. (Docket Entry No. 68-4). Officer Dadzie called for back-up, and Officer Womba responded. (*Id.*). After the inmates were separated, Officer Womba escorted Mr. Johnson to the medical clinic for treatment of his injuries. (*Id.*). Mr. Johnson alleges that Officer Womba failed to protect him from harm by refusing to remove him from F Pod earlier in the day when Mr. Johnson told him that he feared for his safety. (Docket Entry No. 1, p. 6). This failure to act allegedly allowed Mr. Johnson to be "jumped" by other inmates later in the evening. (Docket Entry No. 51-1, p. 2 [sealed]). Mr. Johnson seeks monetary damages for the injuries he suffered as a result of Officer Womba's alleged failure to protect him from harm by other inmates. (Docket Entry No. 1, p. 6).

## II.	The Legal Standards

### A.	Actions Under 42 U.S.C. § 1983

Mr. Johnson brings his claims against Officers Johnson and Womba under 42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights."  *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).

### B.	Summary Judgment

Officer Johnson, Officer Womba, and Mr. Johnson have all filed motions for summary judgment.  "Summary judgment is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Tolan v. Cotton,* 572 U.S. 650, 656-57 (2014) (per curiam) (quoting FED. R. CIV. P. 56(a)).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact."  *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25 (1986)).  "A fact is material if its resolution could affect the outcome of the action."  *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)).  "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

The court considering a motion for summary judgment must view all evidence and draw all inferences "in the light most favorable to the opposing party." *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *see also Dyer*, 964 F.3d at 380. But if record evidence clearly contradicts the opposing party's version of events, the court "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Waddleton v. Rodriguez*, 750 F. App'x 248, 253-54 (5th Cir. 2018) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). This is particularly true when there is video evidence. When video evidence exists, the court will "view[] the facts in the light depicted by the videotape." *Salazar v. Molina*, 37 F.4th 278, 280 (5th Cir. 2022) (quoting *Scott*, 550 U.S. at 381); *see also Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022) ("[W]e assign greater weight, even at the summary judgment stage, to the video recording taken at the scene.") (cleaned up); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("A court . . . need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider the facts in the light depicted by the videotape.") (cleaned up). The "court will not adopt facts that are clearly contradicted by the video." *Waddleton*, 750 F. App'x at 254 (citing *Scott*, 550 U.S. at 378). In addition, the court will not consider the nonmoving party's conclusory allegations and unsubstantiated assertions as evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### C. *Pro Se* Pleadings

Mr. Johnson is representing himself, so the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*,

767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

III. Analysis

    A.     The Claim Against Officer Johnson

        1.     **Excessive Force**

Mr. Johnson alleges that Officer Johnson violated his constitutional rights when he used excessive force to push Mr. Johnson into his cell, causing him to fall. Pretrial detainees like Mr. Johnson have a Fourteenth Amendment right to be free from the use of excessive force. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). "Force against a pretrial detainee is 'excessive' and a violation of the Fourteenth Amendment when the force was objectively unreasonable." *Fairchild v. Coryell Cnty., Tex.*, 40 F.4th 359, 362-63 (5th Cir. 2022) (citing *Kingsley*, 576 U.S. at 396-97). Objective reasonableness "turns on the 'facts and circumstances of each particular case,'" and the court must consider objective reasonableness from the perspective of a reasonable officer on the scene. *Kingsley,* 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Factors relevant to the reasonableness of force include "the relationship between the need for force and amount of force used; the extent of the plaintiff's injury; any effort made to temper or limit the amount of force; the severity of the security problem at issue; the threat perceived by the officer; and whether the plaintiff was actively resisting." *Id.* The court must also consider the legitimate governmental interests in managing the facility and the policies and practices that, in the jail officials' judgment, are necessary to preserve internal order and discipline

6

and to maintain institutional security. *Id.* (citing *Bell v. Wolfish*, 411 U.S. 520, 540, 547 (1979)). Because of this, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The Constitution does not recognize minimal uses of force that do not rise to a level "repugnant to the conscience of mankind." *Id.* at 10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

In support of his motion for summary judgment, Officer Johnson offered his sworn testimony, along with video of the events. That evidence shows that Mr. Johnson created a security threat at the jail by intentionally flooding his cell. Officer Johnson responded to the scene, secured Mr. Johnson, and then instructed Mr. Johnson to return to his cell while they waited for maintenance. Only after Mr. Johnson refused to comply with this instruction did Officer Johnson place a hand on Mr. Johnson's back, grasp his arm, and guide him back into the cell. The force used was minimal, but the minimal force combined with the wet floor caused Mr. Johnson to slip and fall. While Mr. Johnson told Officer Alexander that he had pain in his right arm from the fall, (Docket Entry No. 93-4, p. 6), Mr. Johnson did not ask for medical treatment and did not report any injury to medical staff when he was seen the next day. (Docket Entry No. 42-4, pp. 137-38 [sealed]). Nothing in this evidence shows that Officer Johnson's use of a minimal amount of force to gain Mr. Johnson's compliance was objectively unreasonable in light of all of the circumstances.

In his response to Officer Johnson's motion, Mr. Johnson does not dispute that he refused to comply with Officer Johnson's instruction to reenter his cell, but he asserts that Officer Johnson's testimony about the events is false, that the cell video has been falsified, and that the internal affairs investigation contains falsified documents. (Docket Entry No. 97, p. 1). "Officers may consider a [person]'s refusal to comply with instructions . . . in assessing whether physical

7

force is needed to effectuate the [person]'s compliance." *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 729 (5th Cir. 2018) (quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009)). The summary judgment evidence shows that Officer Johnson used minimal force to compel Mr. Johnson's compliance after he refused to voluntarily reenter his cell. Mr. Johnson's description of the force as excessive is not supported by the summary judgment evidence. Mr. Johnson offers no evidence to support his assertions that the testimony, videos, and investigative documents are false. Mr. Johnson's unsworn and conclusory allegations of excessive force and falsified documents are insufficient to create factual disputes that can defeat the motion for summary judgment. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) ("We resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." (quoting *Little*, 37 F.3d at 1075).

Because Mr. Johnson failed to carry his burden to demonstrate factual disputes material to whether Officer Johnson's use of force was objectively reasonable, Officer Johnson is entitled to summary judgment in his favor. Mr. Johnson's claim against Officer Johnson is dismissed.

### 2. Qualified Immunity

Even if there was some evidentiary basis to conclude that Officer Johnson used constitutionally excessive force, he would be entitled to summary judgment under qualified immunity.[3] "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)). A right is clearly established when the existence of the

---

[3]While not specifically argued in his motion for summary judgment, Officer Johnson raised the defense of qualified immunity in his answer to Mr. Johnson's complaint. (Docket Entry No. 74, p. 3).

8

right is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (cleaned up); *see also Morgan v. Swanson,* 659 F.3d 359, 371 (5th Cir. 2011) (en banc). The doctrine is intended to protect officers who "reasonably but mistakenly" violate a plaintiff's constitutional rights, *see Freeman v. Gore,* 483 F.3d 404, 415 (5th Cir. 2007) (quoting *Goodson v. City of Corpus Christi,* 202 F.3d 730, 736 (5th Cir. 2000)), and it "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix,* 577 U.S. at 12 (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

When a government official moves for summary judgment on the basis of qualified immunity, "'the burden . . . shifts to the plaintiff, who must rebut the defense by establishing a genuine fact [dispute] as to whether the official's allegedly wrongful conduct violated clearly established law.'" *Dyer,* 964 F.3d at 380 (alteration in original) (quoting *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux,* 402 F.3d at 540 (quoting *Little,* 37 F.3d at 1075). Instead, the nonmoving party must identify specific evidence in the record and explain how that evidence supports that party's claim. *See Willis v. Cleo Corp.,* 749 F.3d 314, 317 (5th Cir. 2014). The court has no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quoting *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)).

Mr. Johnson does not meet his burden. The video evidence shows that, at most, Officer Johnson pushed Mr. Johnson through the open doorway of his cell. Even if the court were to view this push as unnecessary, "'[n]ot every push or shove, even if it may later seem unnecessary in the

peace of a judge's chambers'" constitutes excessive force. *Hudson*, 503 U.S. at 9 (quoting *Johnson*, 481 F.2d at 1033). The video evidence does not support a conclusion that Officer Johnson used force excessive to the need. The record evidence does not show that Mr. Johnson suffered any injury in his fall. "An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 9); *see also Tanner v. Harris*, 31 F. App'x 154, 2001 WL 1748205, at *3 (5th Cir. Dec. 12, 2001) (per curiam) (an officer was entitled to qualified immunity when he pushed the handcuffed plaintiff out of the open first-floor window of a burglarized building, causing the plaintiff to fall, because the force was neither clearly excessive nor objectively unreasonable under the circumstances).

Mr. Johnson fails to show factual disputes material to whether Officer Johnson violated clearly established law, and Mr. Johnson's unsupported assertions that the push was unnecessary and constitutionally excessive are insufficient. Officer Johnson is entitled to qualified immunity, and Mr. Johnson's excessive force claim against him is dismissed, with prejudice.

### B.     The Claim Against Officer Womba

Mr. Johnson alleges that Officer Womba violated his constitutional rights when he failed to protect Mr. Johnson from harm caused by other jail inmates. The summary judgment evidence does not support Mr. Johnson's claim.

Mr. Johnson alleges that Officer Womba was assigned as the "pod deputy" on F Pod, where Mr. Johnson was housed, on December 31, 2020. (Docket Entry No. 65, pp. 1-2). Mr. Johnson alleges that he approached Officer Womba sometime in the afternoon and explained that he believed he was in danger from the other inmates and needed to be moved to a different pod, but Officer Womba refused to help and instead laughed at his fears. (*Id.* at 2). Mr. Johnson was

10

assaulted by inmates later that evening. He alleges that this resulted from Officer Womba's failure to protect him. (*Id.* at 3-4).

Jail officials are required to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). This includes taking measures to protect inmates from harm caused by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Relief on a failure-to-protect claim requires an inmate to show both that the jail official actually knew of a threat to a pretrial detainee's health or safety and that the jail official acted with deliberate indifference toward that threat. *Id.* at 837; *see also Hare v. City of Corinth, Miss.*, 74 F.3d 633, 647-49 (5th Cir. 1996). Prison or jail officials who lack actual knowledge of a risk of harm cannot be liable for a failure to protect. *See Farmer*, 511 U.S. at 844. And jail officials who actually know of a risk of harm but who take reasonable steps to respond to that risk may not be held liable "even if the harm ultimately was not averted." *Id.*

Mr. Johnson's claim fails on the first element. Officer Womba testified in his sworn affidavit that he was not assigned to F Pod on December 31, 2020, either as a "pod deputy" or otherwise, and that he never spoke with Mr. Johnson that day. (Docket Entry No. 68-1, p. 1-2). Instead, Officer Womba responded to F Pod only after the evening fight involving Mr. Johnson. (*Id.* at 1). Even then, Officer Womba's involvement with Mr. Johnson was limited to escorting him from the pod to medical after the fight. (*Id.*). In sum, Officer Womba testified that he had no actual knowledge of any threat to Mr. Johnson's health or safety before the fight occurred.

In response to Officer Womba's motion for summary judgment, Mr. Johnson alleges that jail officials have provided false testimony on behalf of Officer Womba. (Docket Entry No. 85, p. 1). He also alleges that there is video of Officer Womba denying him assistance. (*Id.* at 2). Mr. Johnson has provided no evidence to support his assertions. His description of the alleged video

11

evidence seems to confuse this event with the November 17 incident involving his fall in the holding cell.

Faced with Officer Womba's motion for summary judgment, Mr. Johnson had the burden to direct the court's attention to evidence sufficient to show that a genuine dispute of fact exists that is material to the question of whether Officer Womba knew of a threat to Mr. Johnson's safety and was deliberately indifferent to it. But Mr. Johnson offers no evidence to support his version of the events of December 31, 2020, and his conclusory and unsubstantiated allegations are insufficient to create a genuine factual dispute. Officer Womba is entitled to summary judgment in his favor, and Mr. Johnson's claim against him is dismissed.

### IV.    Mr. Johnson's Motions for Summary Judgment

Mr. Johnson filed two motions for summary judgment. (Docket Entry Nos. 66, 89). These motions are based on Mr. Johnson's unsubstantiated allegations concerning the events of November 17 and December 31, 2020. Mr. Johnson does not point to evidence in support of his motions. Nor does he identify portions of the record that demonstrate the absence of a genuine dispute of material fact. Because Mr. Johnson has not met his burden as the party moving for summary judgment, his motions are denied. *See Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) ("If the moving party fails to meet this initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.").

### V.    Motion for "Time Emergency"

Mr. Johnson filed a document entitled "Motion Time Emergency Investigation 30 Days." (Docket Entry No. 90). This "motion" contains a rambling set of facts that begin in 2018 and continue into 2020. (*Id.*). Construed liberally, the allegations summarize Mr. Johnson's version of the facts relating to his two remaining claims, while also merging the facts relating to those two

claims into a single incident. (*Id.*). The motion asks the court to award Mr. Johnson monetary damages for the injuries he suffered in the assaults. This motion, which asks for no relief other than what Mr. Johnson seeks in his complaint, is denied.

## VI.    Conclusion and Order

The motion for summary judgment filed by Officer Benjamin Womba, (Docket Entry No. 68), is granted. The motion for summary judgment filed by Officer Demitrie Johnson, (Docket Entry No. 93), is granted. The motions for summary judgment filed by plaintiff Ivory James Johnson, (Docket Entry Nos. 66, 89), are denied. This action is dismissed with prejudice as to all defendants. All pending motions, including Mr. Johnson's "Motion Time Emergency," (Docket Entry No. 90), are denied. Final judgment will be separately entered.

SIGNED on September 9, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge